**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| PATRICK J. SHANK,<br><br>Plaintiff,<br><br>vs.<br><br>SHELBIE SMITH, *et al.*,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 2:26-cv-120<br><br>Judge Edmund A. Sargus, Jr.<br>Magistrate Judge Karen L. Litkovitz |

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff Patrick J. Shank, an inmate currently housed at Belmont Correctional Institution ("BeCI"), has filed a pro se civil rights Complaint under 42 U.S.C. § 1983. Plaintiff's allegations arise from the denial of medical care and the failure to correct that denial against ten BeCI employees in their individual and official capacities.[1] (Doc. 9, PageID 120-41). By separate Order, Plaintiff has been granted leave to proceed *in forma pauperis*. (Doc. 8).

This matter is currently before the Court for a sua sponte review of the Complaint to determine whether the Complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

[1] Plaintiff identifies the following Defendants: BeCI Warden Shelbie Smith, Warden's Assistant Mrs. Robertson, Deputy Warden Mr. Lyle, Correctional Officer Sergeant Padgeleck, Institutional Inspector Mr. Haley, Mr. Stanforth (grievance review), Mr. Evans (grievance review), Mr. Obeng (grievance review), Medical Coordinator Mr. Murphy, and Assistant Medical Coordinator Mr. Holcomb. (Doc. 9, PageID 121-24).

## I. INITIAL SCREENING STANDARD

Because Plaintiff is a prisoner seeking "redress from a governmental entity or officer or employee of a governmental entity," and is proceeding *in forma pauperis* (*see* Order Granting IFP Status, Doc. 4), the Court is required to conduct an initial screening of his Complaint. 28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(e)(2). The Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b); 1915(e)(2).

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328-29 (1989)); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990) (citations omitted). An action has no arguable *legal* basis when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *McGhee v. Light*, 384 F. Supp. 3d 894, 896 (S.D. Ohio 2019) (quoting *Neitzke*, 490 U.S. at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000)). An action has no arguable *factual* basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Vandiver v. Prison Health Servs.*, 727 F.3d 580, 585 (6th Cir. 2013) (citations omitted); *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citations omitted); *Lawler*, 898 F.2d at 1198 (quoting *Neitzke*, 490 U.S. at 327) (noting that courts can dismiss "claims whose factual contentions are clearly baseless"). The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill*, 630 F.3d at 471 (quoting *Neitzke*, 490 U.S. at 327-28).

A complaint must also be dismissed if it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). To state a claim for relief, a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court must construe the complaint in the plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 570 (2007) (citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). However, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 555).

Because Plaintiff is a pro se litigant, his filings are liberally construed. *Heyward v. Cooper*, 88 F.4th 648, 653-54 (6th Cir. 2023) (citations omitted); *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) ("Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings."). Even with such a liberal construction, a pro se complaint must still adhere to the "basic pleading standards." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Specifically, a pro se "complaint 'must contain either direct or inferential allegations respecting all the material elements' to recover under some viable legal theory." *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## II. ALLEGATIONS IN THE COMPLAINT

Plaintiff alleges that in the summer of 2025, a "discolored, bleeding lump" appeared on the side of his nose. (Complaint, Doc. 9, PageID 130). Plaintiff alleges that upon visiting the doctor for a chronic care visit, the lump was scraped off but never biopsied, and the doctor told him to come back if the lump returned. (*Id.*). He alleges that the discolored, bleeding lump returned within two weeks. (*Id.*).

As advised by the doctor, Plaintiff alleges that he went to Inmate Health Services ("IHS") after receiving a pass from non-defendant Officer Rice. (*Id.*). He alleges that he waited at IHS for over fifty minutes even though he was the only inmate waiting. (*Id.* at PageID 130-31). Plaintiff alleges that other inmates then began to fill the waiting area, at which point Defendant Holcomb told him he could not be seen that day. (*Id.* at PageID 131). Plaintiff alleges that Holcomb laughed at him, along with other IHS staff, finding it funny to deny Plaintiff medical care. (*Id.*).

About two to three weeks later, Plaintiff alleges that supposedly Defendant Murphy, Medical Coordinator in IHS, had sent two passes for him to visit IHS, but he never received or signed for said passes. (*Id.* at PageID 131-32 (explaining his understanding of the pass system)). Plaintiff alleges that on September 17, 2025, Murphy called for him to visit IHS but without sending a pass. (*Id.* at PageID 132). Plaintiff states he refused to go to IHS without a pass for his own protection because according to a sign posted in IHS, "if you are in medical without a pass, you will receive a ticket." (*Id.*). He alleges that despite not having a pass, his dorm officer told Plaintiff to "just go" and "you don't have to go, it doesn't matter." (*Id.*). Plaintiff alleges that he refused to go without a pass "in fear of targeting by staff." (*Id.*).

That same day, Plaintiff alleges that Murphy had his Assistant Medical Coordinator, Defendant Holcomb, write two disciplinary tickets against Plaintiff, notifying his dorm staff of the tickets. (*Id.*). Plaintiff alleges that his dorm Sergeant, Defendant Padgeleck, protected the others and sanctioned Plaintiff for seeking medical care. (*Id.* at PageID 128). Plaintiff alleges that Padgeleck dismissed the first ticket but heard the second ticket, which was for "Resistance of Authority and Disrespect, 5.2 Disobedience of a direct order." (*Id.* at PageID 132). Plaintiff refutes this disciplinary ticket since he refused to go to IHS without the necessary pass and was therefore not present in IHS to resist authority or to be disrespectful toward Murphy or Holcomb. (*Id.* PageID 132-33). He alleges that Murphy and Holcomb denied him medical care and punished him for seeking that care. (*Id.* at PageID 129). Plaintiff alleges that this issue reflects an attitude in IHS, "which causes problems for Plaintiff when seeking medical care." (*Id.* at PageID 133). Plaintiff then details his medical history as context for the continuous issues with IHS. (*Id.* at PageID 133-34).

Plaintiff alleges that he was sanctioned with a 30-day commissary restriction the same day Padgeleck heard the ticket, which lasted longer than the stated 30-day restriction. (Complaint, Doc. 9, PageID 135). Plaintiff alleges that the extended restriction caused him to miss the opportunity to purchase commissary items that are only available once per year on "Yard Day," which was well known to Defendants. (*Id.*). Given the timing, Plaintiff alleges that the restriction is connected to the ticket and the issues with Murphy and Holcomb. (*Id.*). Defendants' actions have made seeking medical care costly, and Plaintiff alleges the effect is: "If you seek medical care [Defendants] will manipulate the pass system, ensure that you get a ticket, ensure that you receive sanctions and miss special, and rare, inmate opportunities. Why would

you seek out medical care if, not only do you not receive the care, you are treated this way?" (*Id.*).

Plaintiff then alleges that he sought administrative relief through the prison grievance process. (*Id.*). He states that Defendants maintained a position of "self preservation" and "indifference toward the treatment of the Plaintiff." (*Id.*). Plaintiff reiterates that the tactic to punish inmates for seeking medical care has caused inmates to be hesitant of going to IHS for treatment, "since the retribution of staff is ignored by those put in place to protect the inmates." (*Id.* at PageID 136). Plaintiff alleges that Defendants Haley, Stanforth, Evans, and Obeng failed to act on Plaintiff's kites and grievances, despite being sufficiently informed of the issues. (*Id.* at PageID 128-29, 136).

Plaintiff also alleges that he sought help from Defendant Warden Smith to address the ongoing issue, who he alleges promised to investigate his claims. (Complaint, Doc. 9, PageID 136). Plaintiff alleges that Defendant Robertson, Smith's assistant, joined the conversation and agreed to investigate the issue too. (*Id.* at PageID 128, 136). Instead, he alleges, Smith ignored everything and now refuses to speak to Plaintiff, and Robertson refused to investigate and is preventing Plaintiff from seeing the Warden. (*Id.* at PageID 136). Plaintiff further alleges that Defendant Deputy Warden Lyle agreed to investigate the matter as well, but then changed his mind, "insisting Plaintiff should have gone to IHS without a pass." (*Id.*). He alleges that Smith and Lyle authorized and supported the unconstitutional actions of BeCI staff, and he alleges that they were both aware but indifferent to Plaintiff being punished for seeking medical care. (*Id.* at PageID 127-128). Plaintiff also alleges that Robertson blocked access to Smith and denied Plaintiff's public records request. (*Id.* at PageID 128).

Overall, Plaintiff alleges that Defendants violated his "Fifth Amendment right to freedom from abuse of discretion by prison administrators," his Eighth Amendment right to be free from cruel and unusual punishment when Defendants showed deliberate indifference to his serious medical needs and punished him for seeking care, and his Fourteenth Amendment right to equal protection and right to due process because other inmates received medical care but not him. (Complaint, Doc. 9, PageID 137-38). Plaintiff alleges that he was forced to administer his own care for the lump on his nose and believes he will be punished if he seeks further medical care. (*Id.* at PageID 138). He alleges that he fears "current and future retaliation" for seeking redress. (*Id.*). Plaintiff further alleges that he has "suffered physical, mental and emotional stress." (*Id.*).

Plaintiff seeks injunctive and monetary relief. (*Id.* at PageID 138-39).

## III. <u>DISCUSSION</u>

The Undersigned understands Plaintiff to be raising the following claims:

1. Eighth Amendment claims against Defendants Murphy, Holcomb, Padgeleck, Smith, Robertson, and Lyle for the alleged deliberate indifference to Plaintiff's serious medical needs.

2. Fifth Amendment and Fourteenth Amendment equal protection and due process claims against Defendants Murphy, Holcomb, Padgeleck, Smith, Robertson, and Lyle for allegedly treating Plaintiff differently than other inmates by depriving him of medical care and punishing him for seeking said care, which has caused him fear in seeking future medical treatment.

3. Failure to investigate claims against Defendants Haley, Stanforth, Evans, and Obeng for allegedly failing to review Plaintiff's grievances about being denied medical care.

4. Supervisor liability claims against Defendants Smith and Lyle for allegedly authorizing and supporting the other Defendants' unconstitutional actions and permitting those actions to continue.

5. Ohio state-law claims for the intentional infliction of emotional distress.

At this stage of the proceedings, and without the benefit of further briefing by the parties,

the Undersigned concludes in an abundance of caution that Plaintiff **MAY PROCEED** with his Eighth Amendment claims, Fourteenth Amendment equal protection claims, and his Ohio state-law intentional infliction of emotional distress claims against Defendants Murphy, Holcomb, Padgeleck, Smith, Robertson, and Lyle. These claims include the further development of allegations against Smith and Lyle in both their personal roles and their roles as supervisors. (*See* Complaint, Doc. 9, PageID 127-28). The Undersigned advises Plaintiff that this is only a preliminary determination. The Undersigned has not made a determination as to the merits of the claims being allowed to proceed, nor considered any potential defenses. Defendants are not precluded from filing a motion to dismiss, a motion for a more definite statement, or other appropriate motions under the Federal Rules of Civil Procedure. *See, e.g.*, *Wiley v. Austin*, No. 8:20-cv-220, 2020 WL 6204382, at *3 (D. Neb. Oct. 22, 2020).

Plaintiff's remaining allegations, including any official capacity claims for monetary relief and his Fourteenth Amendment due process claims, should be **DISMISSED** for the failure to state a plausible claim for relief, as explained below.

### A. Official Capacity Claims for Monetary Relief

As one remedy for the alleged constitutional violations, Plaintiff seeks monetary relief from each Defendant (Complaint, Doc. 9, PageID 139), and he indicates that he is suing Defendants in their individual and official capacities (*id.* at PageID 121-24). To the extent that Plaintiff seeks money damages from the state Defendants in their official capacities, the Eleventh Amendment bars recovery of monetary relief against state employees in their official capacities. *Maben v. Thelen*, 887 F.3d 252, 270-71 (6th Cir. 2018) (quoting *Kentucky v. Graham*, 473 U.S. 159, 169-70 (1985)). States are immune from damage suits absent an express waiver, and the State of Ohio has not made such a waiver. *Mixon v. Ohio*, 193 F.3d 389, 397 (6th Cir. 1999)

(citations omitted); *Cook v. Trostel*, No. 2:23-cv-2314, 2024 WL 4451535, at *3 (S.D. Ohio July 12, 2024) (citations omitted). The state Defendants in their official capacities are therefore immune from suit to the extent that Plaintiff seeks monetary damages. Any request for monetary relief against the state Defendants in their official capacities should be **DISMISSED**.

**B. Fourteenth Amendment Due Process Claims**

While Plaintiff may proceed to further develop his Fourteenth Amendment equal protection claims against Defendants Murphy, Holcomb, Padgeleck, Smith, Robertson, and Lyle, his Fourteenth Amendment due process claims against these Defendants should be dismissed for the failure to state a plausible claim for relief. When protections exist under another constitutional amendment, then a Fourteenth Amendment substantive due process claim is properly dismissed. *Heike v. Guevara*, 519 F. App'x 911, 923 (6th Cir. 2013) (quoting *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (plurality opinion)) ("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims."); *Wilson v. Wilkinson*, 608 F. Supp. 2d 891, 902 (S.D. Ohio 2009) (citations omitted) (concluding that a substantive due process analysis was "inappropriate" when a plaintiff's claims were covered by the Fourth Amendment).

Here, Plaintiff asserts that he was denied medical care and punished for seeking that care, which falls within the Eighth Amendment protection from cruel and unusual punishment. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 401 (6th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 102-05 (1976)). Plaintiff has failed to allege any facts to suggest that his Fourteenth Amendment due process claims should otherwise be permitted to proceed. Therefore, these claims should be **DISMISSED**. *See Heike*, 519 F. App'x at 923 (quoting *Albright*, 510 U.S. at 273); *Wilson*, 608

F. Supp. 2d at 902.

**C. The Fifth Amendment Applies to Federal Actors**

Plaintiff's Fifth Amendment claims against state Defendants also fail to state a plausible claim for relief. The Fifth Amendment circumscribes the conduct of federal actors, while the Fourteenth Amendment applies to state actors. *Scott v. Clay Cnty.*, 205 F.3d 867, 873 n.8 (6th Cir. 2000) (citing *Sturgell v. Creasy*, 640 F.2d 843, 850 (6th Cir. 1981); *Walker v. Hughes*, 558 F.2d 1247, 1257 (6th Cir. 1977)) (finding that the plaintiff's Fifth Amendment Due Process claims were null because the claims were redundant of his Fourteenth Amendment claims); *Williams v. Parikh*, 708 F. Supp. 3d 1345, 1350 n.1 (S.D. Ohio 2023) (citing *Scott*, 205 F.3d at 873 n.8) (dismissing with prejudice an inmate's Fifth Amendment claims against state entities). Plaintiff alleges Fifth Amendment violations against ODRC and BeCI employees who are state actors. (*See generally* Complaint, Doc. 9). Plaintiff's Fifth Amendment claims are not raised against federal actors and should be **DISMISSED**.

**D. Failure to Investigate Claims Against Defendants Haley, Stanforth, Evans, and Obeng**

Plaintiff's allegations that Defendants Haley, Stanforth, Evans, and Obeng failed to investigate his kites and grievances about being denied medical care fail to state a plausible claim for relief. The First Amendment guarantees "the right of the people . . . to petition the Government for a redress of grievances." U.S. CONST. amend. I. A prisoner has the right to file grievances against prison officials. *Heyward v. Cooper*, 88 F.4th 648, 657 (6th Cir. 2023) (quoting *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000)). The First Amendment, however, does not impose an affirmative obligation on the government to consider, respond to, or grant any relief on a petition for redress of grievances. *Thompson v. Marietta Educ. Ass'n*, 972 F.3d 809, 814 (6th Cir. 2020) (quoting *Smith v. Ark. State Highway Emps., Loc. 1315*, 441

U.S. 463, 464-65 (1979) (per curiam)). In other words, an inmate does not have a constitutionally protected interest in a jail or prison grievance procedure or the right to an effective procedure. *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007) ("There is no statutory or common law right, much less a constitutional right, to an investigation."); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (collecting cases).

The failure to investigate another person's alleged improper conduct "do[es] not constitute 'active [un]constitutional behavior' as required and thus, [is] not actionable" under 42 U.S.C. § 1983. *Frodge v. City of Newport*, 501 F. App'x 519, 532 (6th Cir. 2012) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). An official's purported failure to investigate or take corrective action does not constitute personal involvement in the underlying alleged unconstitutional conduct. *Knop v. Johnson*, 977 F.2d 996, 1014 (6th Cir. 1992). And a prison official's alleged failure to adequately investigate claims of misconduct does not rise to the level of "encouragement" that would make the official liable for such misconduct. *Id.* (quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)). A prison official whose only role "involve[s] the denial of administrative grievances or the failure to act" to remedy the alleged unconstitutional behavior is not liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (citation omitted) ("[L]iability under § 1983 must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'"). Allegations that a prison official failed to investigate a prisoner's grievance or that the prison grievance process failed to produce the right outcome therefore fail to state a plausible claim for relief. *Mitchell*, 487 F.3d at 378; *Argue*, 80 F. App'x at 430.

Plaintiff alleges that Haley, Stanforth, Evans, and Obeng were each involved with the grievance process and "failed to act" despite being "sufficiently informed." (Complaint, Doc. 9,

PageID 128-29, 136). But Plaintiff does not allege that these Defendants were directly involved in denying him medical care, punishing him for seeking medical care, or depriving him of his Eighth Amendment and Fourteenth Amendment rights. (*See generally id.*). And Plaintiff does not allege that these Defendants prevented him from filing grievances. Plaintiff instead appears to question the outcome of the grievance process and alleges that Haley, Stanforth, Evans, and Obeng failed to act, which are insufficient allegations to state a plausible claim for relief. *See Shehee*, 199 F.3d at 300; *Mitchell*, 487 F.3d at 378; *Argue*, 80 F. App'x at 430. Accordingly, Plaintiff's claims against Defendants Haley, Stanforth, Evans, and Obeng should be **DISMISSED without prejudice**. Further, because Plaintiff fails to state any other plausible claims against these four Defendants, they should be **DISMISSED** from this action.

## IV. CONCLUSION

Based on the foregoing and in an abundance of caution, Plaintiff's Eighth Amendment deliberate indifference claims, Fourteenth Amendment equal protection claims, and Ohio state-law intentional infliction of emotional distress claims **MAY PROCEED** for further development against Defendants Murphy, Holcomb, Padgeleck, Smith, Robertson, and Lyle in their individual capacities, and in their official capacities to the extent that Plaintiff seeks injunctive relief.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff **MAY PROCEED** at this juncture on his Eighth Amendment claims, Fourteenth Amendment equal protection claims, and his Ohio state-law intentional infliction of emotional distress claims against Defendants Murphy, Holcomb, Padgeleck, Smith, Robertson, and Lyle for their involvement in allegedly denying Plaintiff medical care, punishing him for seeking that care, and thus treating him

differently than other inmates by depriving him of the opportunity to receive proper medical care.

2. Plaintiff has not completed the summons forms in their entirety for each Defendant because he must list his address on the forms. (*See* Doc. 4, PageID 61, 65, 69, 73, 93, and 97). Therefore, Plaintiff must submit completed summons forms for each of these six Defendants **WITHIN 30 days** of the date of this Order **with a motion to issue service**. The Clerk of Court is **DIRECTED** to return the summons and service forms (Doc. 4, PageID 61-76, 93-100) to Plaintiff for him to complete and refile.

3. Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date that a true and correct copy of any document was mailed to Defendants or Defendants' counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

4. Plaintiff must keep this Court informed of his current address and promptly file a Notice of New Address if he is released or transferred.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's Fifth Amendment claims and any official capacity claims for monetary damages against all Defendants be **DISMISSED with prejudice**. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2. Plaintiff's Fourteenth Amendment due process claims against Defendants Murphy, Holcomb, Padgeleck, Smith, Robertson, and Lyle be **DISMISSED without prejudice**. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).
3. Plaintiff's failure to investigate claims against Defendants Haley, Stanforth, Evans, and Obeng be **DISMISSED without prejudice**. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). Because Plaintiff fails to state a plausible claim for relief against these Defendants, they should be **DISMISSED** from this action.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**Date: April 15, 2026**

Karen L. Litkovitz

**Karen L. Litkovitz**
**United States Magistrate Judge**