# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**PATRICK J. SHANK,**

      **Plaintiff,**

      v.

**SHELBIE SMITH,** *et al.*,

      **Defendants.**

          **Case Number 2:26-cv-120**
          **Judge Edmund A. Sargus, Jr.**
          **Magistrate Judge Karen L. Litkovitz**

## OPINION AND ORDER

This matter is before the Court on an Order and Report and Recommendation issued by the Magistrate Judge. (ECF No. 11.) After reviewing Plaintiff Patrick J. Shank's Complaint pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2), the Magistrate Judge concluded that Plaintiff may proceed on some claims at this time, but recommended that others be dismissed. (*Id.* PageID 184–86.) Plaintiff filed a timely Objection to the Order and Report and Recommendation. (ECF No. 12.)

For the reasons stated in this Opinion and Order, the Court **OVERRULES** Plaintiff's Objection (ECF No. 12) and **ADOPTS** and **AFFIRMS** the Magistrate Judge's Order and Report and Recommendation (ECF No. 11).

## BACKGROUND

Plaintiff, an Ohio inmate proceeding *pro se* and *in forma pauperis*, brings this civil rights lawsuit pursuant to 42 U.S.C. § 1983. (ECF Nos. 8, 9.) Plaintiff brings claims against ten Belmont Correctional Institution employees: Warden Shelbie Smith, Warden's Assistant Mrs. Robertson, Deputy Warden Mr. Lyle, Correctional Sergeant Mr. Padgeleck, Institutional Inspector Mr. Haley, Mr. Stanforth (grievance review), Mr. Evans (grievance review), Mr.

Obeng (grievance review), Medical Coordinator Mr. Murphy, and Assistant Medical Coordinator Mr. Holcomb. (ECF No. 9, PageID 121–24.)

In the Order and Report and Recommendation, the Magistrate Judge discussed the factual background of this case, which the Court adopts and summarizes below. (ECF No. 11, PageID 176–79.)

Plaintiff is incarcerated at the Belmont Correctional Institution and alleges that a "discolored, bleeding lump" appeared on the side of his nose between June and August 2025. (ECF No. 9, PageID 130.) A doctor scraped the affected area but did not conduct a biopsy. (*Id.*) When the lump returned, Plaintiff went to Inmate Health Services ("IHS"), as advised by the doctor. (*Id.*) Plaintiff alleges that he waited at IHS for more than fifty minutes, even though he was the only inmate waiting. (*Id.*) Other inmates began to fill the waiting area, and Defendant Holcomb (the Assistant Medical Coordinator) told Plaintiff he could not be seen that day. (*Id.* PageID 131.) Plaintiff alleges that Defendant Holcomb and other IHS staff laughed at him, finding it funny to deny Plaintiff medical care. (*Id.*)

Plaintiff alleges that Defendant Murphy (the IHS Medical Coordinator) sent two passes for him to visit IHS, but Plaintiff never received them. (*Id.* PageID 131–32.) Plaintiff alleges that Defendant Murphy then called for him to visit IHS without sending a pass, but Plaintiff refused to do so for his own protection and "in fear of targeting by staff." (*Id.* PageID 132.) The same day, Defendant Murphy had Defendant Holcomb write two disciplinary tickets against Plaintiff and notified dorm staff of the tickets. (*Id.*)

Plaintiff alleges that his dorm Sergeant, Defendant Padgeleck, sanctioned Plaintiff for seeking medical care and Defendants Murphy and Holcomb denied him medical care and punished him for seeking that care. (*Id.* PageID 128–29.) Plaintiff also alleges that he was

2

sanctioned with a 30-day commissary restriction. (*Id.* PageID 135.) Plaintiff says this conduct reflects an attitude at IHS that "causes problems for Plaintiff when seeking medical care." (*Id.* PageID 133.) Plaintiff claims that the tactic of punishing inmates for seeking medical care has made inmates hesitant to seek treatment at IHS. (*Id.* PageID 135–36.)

Plaintiff alleges that he sought administrative relief through the prison grievance process, but Defendants maintained a position of "self preservation" and "indifference toward the treatment of the Plaintiff." (*Id.*) Plaintiff alleges that Defendants Haley, Stanforth, Evans, and Obeng failed to act on Plaintiff's grievances. (*Id.* PageID 128–29, 136.) Plaintiff also alleges Defendants Warden Smith, Deputy Warden Lyle, and Robertson (Warden Smith's assistant) promised to investigate Plaintiff's claims, but later refused to do so. (*Id.* PageID 136.) Finally, Plaintiff alleges that Defendants Smith and Lyle were indifferent to Plaintiff being punished for seeking medical care and authorized and supported the unconstitutional actions of staff at Belmont Correctional Institution. (*Id.* PageID 127–28.)

The Magistrate Judge understood Plaintiff's Complaint to be raising the following claims: (1) Eighth Amendment claims against Defendants Murphy, Holcomb, Padgeleck, Smith, Robertson, and Lyle for the alleged deliberate indifference to Plaintiff's serious medical needs; (2) Fifth Amendment and Fourteenth Amendment equal protection and due process claims against Defendants Murphy, Holcomb, Padgeleck, Smith, Robertson, and Lyle for allegedly treating Plaintiff differently than other inmates by depriving him of medical care and punishing him for seeking said care; (3) failure to investigate claims against Defendants Haley, Stanforth, Evans, and Obeng for allegedly failing to review Plaintiff's grievances about being denied medical care; (4) supervisor liability claims against Defendants Smith and Lyle for allegedly authorizing and supporting the other Defendants' unconstitutional actions and permitting those

actions to continue; and (5) Ohio state-law claims for intentional infliction of emotional distress. (ECF No. 11, PageID 179.) The Magistrate Judge also noted that Plaintiff seeks injunctive and monetary relief. (*Id.*)

After conducting an initial screen of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2), the Magistrate Judge concluded that Plaintiff may proceed on some claims at this time—namely, his Eighth Amendment deliberate indifference claims, Fourteenth Amendment equal protection claims, and Ohio state-law intentional infliction of emotional distress claims against Defendants Murphy, Holcomb, Padgeleck, Smith, Robertson, and Lyle in their individual capacities, and in their official capacities to the extent Plaintiff seeks injunctive relief. (ECF No. 11, PageID 180, 184–85.)

The Magistrate Judge recommended, however, that Plaintiff's other claims be dismissed. (*Id.* PageID 185–86.) Specifically, the Magistrate Judge recommended that the Court dismiss with prejudice Plaintiff's Fifth Amendment claims and any official capacity claims for monetary damages against all Defendants. (*Id.* PageID 185.) The Magistrate Judge also recommended that the Court dismiss without prejudice Plaintiff's Fourteenth Amendment due process claims against Defendants Murphy, Holcomb, Padgeleck, Smith, Robertson, and Lyle, as well as Plaintiff's failure to investigate claims against Defendants Haley, Stanforth, Evans, and Obeng. (*Id.* PageID 186.) Finally, the Magistrate Judge recommended that Defendants Haley, Stanforth, Evans, and Obeng be dismissed from this action because Plaintiff fails to state a plausible claim against them. (*Id.* PageID 184, 186.) Plaintiff filed a timely objection to the Magistrate Judge's Order and Report and Recommendation. (ECF No. 12.)

**LEGAL STANDARD**

If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is "designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342–43 (1948)). Recognizing, however, that a litigant whose costs are assumed by the public "lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits," Congress authorized federal courts to dismiss certain claims *sua sponte. Id.* 28 U.S.C. § 1915(e)(2) provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

*Pro se* complaints are to be held to less stringent standards and should be construed liberally. *Garrett v. Belmont Cnty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Still, "a *pro se* pleading must provide the opposing party with notice of the relief sought, and it is not within the purview of the district court to conjure up claims never presented." *Frengler v. Gen. Motors*, 482 F. App'x 975, 977 (6th Cir. 2012).

5

**ANALYSIS**

Plaintiff filed a timely Objection to the Magistrate Judge's Order and Report and Recommendation. (ECF No. 12.) The Court addresses each of Plaintiff's arguments in turn.

First, Plaintiff objects to the Magistrate Judge's recommendation to dismiss his official capacity claims for monetary relief, arguing that Defendants were acting in both their official and individual capacities. (*Id.* PageID 187–88.) But, as the Magistrate Judge explained, the Eleventh Amendment bars recovery of monetary relief against state employees in their official capacities. *Maben v. Thelen*, 887 F.3d 252, 270–71 (6th Cir. 2018) (quoting *Kentucky v. Graham*, 473 U.S. 159, 169–70 (1985)). In other words, Defendants in this case are immune from suit to the extent Plaintiff seeks monetary damages against them in their official capacities, and the Court agrees these claims must be dismissed. *See, e.g.*, *Cook v. Trostel*, No. 2:23-cv-2314, 2024 WL 4451535, at *3 (S.D. Ohio July 12, 2024) (Deavers, M.J.), *report and recommendation adopted*, 2024 WL 4010020 (S.D. Ohio Aug. 30, 2024).

Second, Plaintiff objects to the Magistrate Judge's recommendation to dismiss his Fourteenth Amendment due process claims, arguing that his allegations are "process oriented" because they address the prison's processes for receiving medical care and filing grievances. (ECF No. 12, PageID 188–89.) With respect to receiving medical care, the Magistrate Judge explained that Plaintiff's assertion he was denied medical care and punished for seeking that care falls within the Eighth Amendment protection from cruel and unusual punishment. (ECF No. 11, PageID 181.) As such, the Eighth Amendment is the proper constitutional source for analyzing these allegations, and the Magistrate Judge determined that Plaintiff's Eighth Amendment claims may proceed against certain Defendants. (*Id.* PageID 181, 184.) Plaintiff's Fourteenth Amendment substantive due process claim, therefore, is properly dismissed. *See Matthews v.*

6

*Butler County*, No. 1:22-cv-380, 2025 WL 1797086, at *26 (S.D. Ohio June 30, 2025) (Bowman, M.J.), *report and recommendation adopted*, 2026 WL 872561 (S.D. Ohio Mar. 30, 2026) (Barrett, J.); *Bradbury v. Lewis*, No. 2:23-cv-238, 2024 WL 1152272, at *13–14 (W.D. Mich. Mar. 18, 2024); *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)) ("Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.'").

Plaintiff's allegations about the prison grievance system do not save his due process claims. Plaintiff alleges that certain Defendants failed to act on grievances he filed, but "[p]rison inmates do not have a constitutionally protected right to a grievance procedure" and "a prison official's alleged failure to adequately investigate claims of misconduct [does not] rise to the level of 'encouragement' that would make the official liable for such misconduct" under § 1983. *Holt v. Hockett*, No. 1:19-cv-583, 2019 WL 4928895, at *3 (S.D. Ohio Oct. 7, 2019) (Bowman, M.J.), *report and recommendation adopted*, 2020 WL 33128 (S.D. Ohio Jan. 2, 2020) (Dlott, J.), (quoting *Miller v. Haines*, No. 97-3416, 1998 WL 476247, at *1 (6th Cir. Aug. 3, 1998); *Knop v. Johnson*, 977 F.2d 996, 1014 (6th Cir. 1992)). As such, the Court agrees with the Magistrate Judge's recommendation to dismiss Plaintiff's Fourteenth Amendment due process claims.

Third, Plaintiff objects to the Magistrate Judge's recommendation to dismiss his Fifth Amendment claims, arguing that doing so removes constitutional rights afforded to prisoners. (ECF No. 12, PageID 189.) The Magistrate Judge correctly explained that the Fifth Amendment applies to federal actors and Plaintiff brings claims against state actors. (ECF No. 11, PageID 182.) As such, his Fifth Amendment claims against Defendants, which allege violations of due

7

process, fail to state a claim for relief and must be dismissed. *See, e.g.*, *Williams v. Parikh*, 708 F. Supp. 3d 1345, 1350 n.1 (S.D. Ohio 2023) (Cole, J.) (quoting *Scott v. Clay County*, 205 F.3d 867, 873 n.8 (6th Cir. 2000)) (dismissing Fifth Amendment due process claims brought against state entities because "the Fifth Amendment's Due Process Clause circumscribes only the actions of the federal government").

Fourth, Plaintiff objects to the Magistrate Judge's recommendation to dismiss his § 1983 failure to investigate claims, arguing that the grievance staff violated his constitutional rights because they were informed of his grievance and failed to act. (ECF No. 12, PageID 189–90.) But, as noted above, a "prison official's alleged failure to adequately investigate claims of misconduct does not rise to the level of encouragement that would make the official liable for such misconduct." *Lloyd v. Pettit*, No. 2:20-cv-1074, 2020 WL 5951329, at *2 (S.D. Ohio Oct. 8, 2020) (Graham, J.) (citing *Knop*, 977 F.2d at 1014). Consequently, the Court agrees with the Magistrate Judge's recommendation to dismiss Plaintiff's claims based on Defendants' failure to act on his grievances.

In his Objection, Plaintiff states he has not received summons and service forms and is concerned that he will not be able to comply with the deadline to submit these forms. (ECF No. 12, PageID 190–91.) The Magistrate Judge extended the deadline (ECF No. 14), and Plaintiff submitted completed forms on time (ECF No. 15).

## CONCLUSION

For the reasons above, the Court **OVERRULES** (ECF No. 12) Plaintiff Patrick Shank's Objection and **ADOPTS** and **AFFIRMS** (ECF No. 11) the Magistrate Judge's Order and Report and Recommendation.

8

The Court **DISMISSES with prejudice** Plaintiff Patrick Shank's Fifth Amendment claims and any official capacity claims for monetary damages against all Defendants. The Court **DISMISSES without prejudice** Plaintiff Patrick Shank's Fourteenth Amendment due process claims against Defendants Murphy, Holcomb, Padgeleck, Smith, Robertson, and Lyle. The Court **DISMISSES without prejudice** Plaintiff Patrick Shank's failure to investigate claims against Defendants Haley, Stanforth, Evans, and Obeng. The Court **DISMISSES** Defendants Haley, Stanforth, Evans, and Obeng from this action for failure to state a plausible claim for relief against them. The Clerk is **DIRECTED** to terminate Defendants Haley, Stanforth, Evans, and Obeng on the docket.

This case remains open.

**IT IS SO ORDERED.**

6/10/2026
DATE

s/Edmund A. Sargus, Jr.
EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE

9