**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**PATRICK J. SHANK,**

**Plaintiff,**

**v.**

**SHELBIE SMITH, *et al.*,**

**Defendants.**

**Case Number 2:26-cv-120**
**Judge Edmund A. Sargus, Jr.**
**Magistrate Judge Karen L. Litkovitz**

**OPINION AND ORDER**

This matter is before the Court on the Report and Recommendation issued by the Magistrate Judge on July 8, 2026. (ECF No. 30.) The Magistrate Judge recommends that Plaintiff Patrick J. Shank's supplemental complaint (ECF No. 29) be stricken and dismissed without prejudice as improperly filed in this action. (ECF No. 30, PageID 332.) Plaintiff filed a timely Reply and Objection to the Report and Recommendation. (ECF No. 34.)

For the reasons stated in this Opinion and Order, the Court **OVERRULES** Plaintiff's Reply and Objection (ECF No. 34) and **ADOPTS** and **AFFIRMS** the Magistrate Judge's Report and Recommendation (ECF No. 30).

**BACKGROUND**

Plaintiff, an Ohio inmate proceeding *pro se* and *in forma pauperis*, brings this civil rights lawsuit pursuant to 42 U.S.C. § 1983. (ECF Nos. 8, 9.) After conducting an initial screen of Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2), the Magistrate Judge issued an Order and Report and Recommendation on April 16, 2026, concluding that Plaintiff may proceed on some claims and recommending that others be dismissed. (ECF No. 11.) After

considering Plaintiff's Objection (ECF No. 12), the Court adopted and affirmed the Magistrate Judge's April 16, 2026 Order and Report and Recommendation. (ECF No. 18.)

A month later, Plaintiff filed a document titled "Verified Supplement to Original Complaint." (ECF No. 29.) The Magistrate Judge reviewed that document and recommended that this supplemental complaint be stricken and dismissed without prejudice as improperly filed in this action. (ECF No. 30.) The Magistrate Judge reasoned that the claims in the supplemental complaint do not arise out of the same transaction, occurrence, or series of transactions or occurrences as the original Complaint. (*Id.*) Plaintiff filed a timely Reply and Objection to the Magistrate Judge's Report and Recommendation. (ECF No. 34.)

## LEGAL STANDARD

If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## ANALYSIS

As an initial matter, the Court addresses Plaintiff's Motion for Extension of Time to File Objections. (ECF No. 32.) A week after the Magistrate Judge issued the July 8, 2026 Report and Recommendation, Plaintiff requested extra time to file an objection. (*Id.*) Two days later, Plaintiff filed his Reply and Objection to the July 8, 2026 Report and Recommendation, which was timely. (ECF No. 34.) As such, the Court **DENIES AS MOOT** Plaintiff's Motion for Extension of Time to File Objections. (ECF No. 32.)

Now, the Court turns to Plaintiff's Reply and Objection, which argues that Plaintiff's supplemental complaint should be accepted because it addresses a continuing course of conduct and ongoing behavior by the staff at Belmont Correctional Institution's Inmate Health Services. (ECF No. 34.)

Federal Rule of Civil Procedure 15(d) provides that a court may, "on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." But, as the Magistrate Judge explained, Federal of Civil Procedure 20(a)(2) permits the joinder of defendants in one action only if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." And Federal Rule of Civil Procedure 21 provides the remedy for misjoinder: "On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."

Here, Plaintiff's supplemental complaint adds a new defendant and includes claims that are factually distinct from those alleged in the original Complaint. Plaintiff's original Complaint alleges that, between June 2025 and September 2025, Plaintiff sought medical care for a discolored, bleeding lump on the side of his nose and Belmont Correctional Institution employees denied him medical care and sanctioned him for seeking that care. (*See generally* ECF No. 9.) The supplemental complaint adds as a defendant Ms. Woodling, a Correctional Officer at the Belmont Correctional Institution working in Inmate Health Services. (ECF No. 29, PageID 325.) The supplemental complaint alleges that, on November 28, 2025, Plaintiff refused to have his blood drawn by a particular nurse and Ms. Woodling, who was at a desk overseeing

security, punished him for this refusal by detaining him for two and a half hours, thereby violating Plaintiff's constitutional rights. (*Id.* PageID 325–26.) The Court agrees with the Magistrate Judge that the supplemental complaint improperly joins Defendant Woodling to this action because the claims asserted against her do not arise out of the same transaction, occurrence, or series of transactions or occurrences as the original Complaint. (ECF No. 30, PageID 331.)

Plaintiff is concerned that if the Court dismisses his supplemental complaint, the misconduct he alleges therein will never be heard in court. (ECF No. 34, PageID 344.) But the Magistrate Judge recommends dismissing Plaintiff's supplemental complaint without prejudice, which means that Plaintiff may refile those claims in a separate lawsuit.

**CONCLUSION**

For the reasons above, the Court **OVERRULES** (ECF No. 34) Plaintiff Patrick J. Shank's Reply and Objection and **ADOPTS** and **AFFIRMS** (ECF No. 30) the Magistrate Judge's Report and Recommendation. The Court **STRIKES** and **DISMISSES WITHOUT PREJUDICE** (ECF No. 29) Plaintiff Patrick J. Shank's Verified Supplement to Original Complaint as improperly filed in this action. The Court **DENIES AS MOOT** (ECF No. 32) Plaintiff Patrick J. Shank's Motion for Extension of Time to File Objections. Finally, the Clerk is **DIRECTED** to terminate Defendant Ms. Woodling from this case.

This case remains open.

**IT IS SO ORDERED.**

**9/10/2026**
**DATE**

**s/Edmund A. Sargus, Jr.**
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**